**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol A Lewis, | No. CV-16-01281-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Irma Mendoza, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Second Amended Complaint. (Doc. 25.) The motion is fully briefed.[1] For the following reasons, Defendants' motion is granted.

## BACKGROUND

Plaintiff Carol Lewis was injured in December 2014 during the course of her employment with the State of Arizona. (Doc. 22, ¶ 12.) She filed a timely claim for benefits under the Arizona Workers' Compensation Act, which was accepted as compensable on December 24, 2014. (*Id.*, ¶¶ 14-15.) In January 2015, Lewis was referred to Dr. Mark Wang for a medical evaluation. (*Id.*, ¶ 17.) In a report provided to Defendants, Dr. Wang recommended spinal surgery. (*Id.*, ¶ 20.) Lewis agreed to the

---

[1] Plaintiff Carol Lewis' request for oral argument is denied because the issues are adequately briefed and oral argument will not aid the Court's resolution of the motion. LRCiv 7.2(f).

surgery, which was scheduled for February 24, 2015. (*Id.*, ¶¶ 22-23.)

The Arizona Department of Administration-Risk Management (Risk Management) administers workers' compensation benefits for State employees. (*Id.*, ¶ 7.) Risk Management contracted with case review specialist Mary Bulian to review Lewis' claim. (*Id.*, ¶ 24.) Bulian recommended against Dr. Wang's medical opinion. (*Id.*, ¶ 25.) Based on Bulian's recommendation, Defendant Imra Mendoza, a Risk Management claim adjuster, informed Lewis and Dr. Wang on February 23, 2015 that the surgery was not authorized. (*Id.*, ¶¶ 3, 28.) Lewis alleges that Defendant Julia Lowery, another Risk Management claim adjuster, participated in this decision, and that Defendant Sydney Standifird, as Lowery and Mendoza's manager and supervisor, agreed with, authorized, and approved it. (*Id.*, ¶¶ 31, 35-36.) Risk Management later authorized the surgery, which Lewis received on May 26, 2015. (*Id.*, ¶ 50; Doc. 33 at 4.) Lewis alleges, however, that the delay caused her permanent physical pain and deficits, emotional distress, and economic harm. (Doc. 22, ¶ 51.)

On March 28, 2016, Lewis brought an action pursuant to 42 U.S.C. § 1983 in Maricopa County Superior Court alleging violations of the procedural and substantive due process guarantees of the Fourteenth Amendment,[2] which was later removed to this Court. (Doc. 1.) Lewis filed two amended complaints. (Docs. 14, 22.) Defendants now move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 25.)

## **LEGAL STANDARD**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the

---

[2] Lewis cites both the Fifth and Fourteenth Amendments as the source of her due process rights, but the Fifth Amendment's due process clause applies only to the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). To the extent Lewis' claims against Arizona state employees are based on alleged violations of the Fifth Amendment, her claims are dismissed.

- 2 -

assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). Nor is the court required to accept as true "allegations that contradict matters properly subject to judicial notice," or that merely are "unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557.)

## ANALYSIS

Section 1983 provides a cause of action for those who have been deprived of their constitutional rights by persons acting under color of law. 42 U.S.C. § 1983. It is a mechanism "for vindicating federal rights elsewhere conferred," and "is not itself a source of substantive rights." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (internal quotations and citation omitted). To succeed on a claim under § 1983, a plaintiff must show "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Lewis claims that Defendants, acting under color of state law by virtue of their employment with Risk Management, deprived her of substantive and procedural due process rights guaranteed by the Fourteenth Amendment. "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal., Inc. v. City of*

*Phx.*, 24 F.3d 56, 62 (9th Cir. 1994). "Only after finding the deprivation of a protected property interest," does the Court "look to see if the State's procedures comport with due process." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 59 (1999). Lewis' allegations do not clear this threshold.

Lewis claims that she had a vested and constitutionally protected property interest in the surgery recommended by Dr. Wang. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . [She] must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). In the context of workers' compensation benefits, when state law "expressly limits an employee's entitlement" to only those medical treatments that are determined to be reasonable, "an employee is not entitled to payment for *all* medical treatment once the employer's initial liability is established[.]" *American Mfrs.,* 526 U.S. at 60 (emphasis in original). Arizona law provides that "every injured employee shall receive medical, surgical and hospital benefits or other treatment . . . *reasonably required* at the time of the injury, and during the period of disability." A.R.S. § 1062(A) (emphasis added). Lewis, therefore, did not have a vested property interest in the surgery recommended by Dr. Wang until the surgery was determined to be reasonably required.

Moreover, Lewis does not allege she was *denied* surgical benefits. Rather, she complains that Risk Management delayed authorization for it. By her own admission, Risk Management later authorized surgical benefits and she received the surgery a few months after initially scheduled.

Lewis argues that Defendants may be held liable for due process violations under the so-called "state-created danger" doctrine. (Doc. 33 at 10-11.) The doctrine applies when a "state official participated in creating a dangerous condition, and acted with deliberate indifference to the known or obvious danger in subjecting the plaintiff to it." *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996). However, a state official's failure to act generally does not deprive one of a liberty or property interest that would trigger the

protections of the Due Process Clause. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). Defendants did not participate in creating the dangerous condition, namely Lewis' need for surgery. Defendants merely delayed authorization while they evaluated the surgery's necessity.

Relying on *Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997), Lewis argues that Defendants denied or impeded her access to medical care. Lewis' reliance is misplaced. In that case, after finding Penilla on his porch seriously ill, neighbors called 911 for emergency medical services. *Penilla*, 115 F.3d at 708. City police officers arrived first and found Penilla in need of medical care, but cancelled the request for paramedics, broke into Penilla's home, moved Penilla inside, locked the door, and left. *Id.* The next day, Penilla was found dead. *Id.* Under those circumstances, the Ninth Circuit found that the police officers took affirmative action to place Penilla "in a more dangerous position that the one in which they found him," and could therefore be held liable under § 1983 for violations of Penilla's Fourteenth Amendment due process rights. *Id.* at 710. No analogous facts exist here. Lewis has not alleged that Defendants placed her in greater danger through affirmative conduct and, therefore, cannot invoke the state-created danger doctrine as a basis for her § 1983 claim.

In essence, Lewis alleges that Defendants processed her claim for benefits to cover the cost of her spinal surgery in bad faith and in violation of state law. Though Lewis might have a state law cause of action, she cannot bring a federal constitutional claim premised on violations of state law. Further, and for the foregoing reasons, Lewis had no vested property interest in the surgical treatment benefits, at least not until the surgery was determined to be reasonably required. *See American Mfrs.,* 526 U.S. at 60-61; A.R.S. § 23-1062(A). Defendants were not required to unquestioningly accept the opinions of Lewis's doctor. *See* A.R.S. § 23-1026; *Baudanza v. Industrial Com'n of Ariz.*, 720 P.2d 110, 114 (Ariz. Ct. App. 1986) (acknowledging that claimants are entitled only to reasonably required benefits and noting that disputes over entitlement are to be resolved by Industrial Commission administrative law judge). And in any event,

Defendants ultimately authorized the surgery.  Because Lewis has not alleged facts plausibly showing a deprivation of a vested and constitutionally protected property interest, her Fourteenth Amendment substantive and procedural due process claims under § 1983 necessarily fail.

**IT IS ORDERED** that Defendants' Motion to Dismiss, (Doc. 25), is **GRANTED**. The Clerk shall terminate this case.

Dated this 12th day of December, 2016.

Douglas L. Rayes
United States District Judge